IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

_____

WINSERT, INC.

    and

WINSERT, INC. MEDICAL PLAN,

                        Plaintiffs,                      Case No. 11-C-251

    v.

KATHLEEN F. HASENFUS,

                        Defendant.
_____

**CONFIDENTIALITY ORDER WITH PROVISO**
_____

       Based upon the entire record of the proceedings herein, and in particular on the foregoing Stipulation of the parties:

       1.    Designation of confidential information must be made by placing or affixing on the document in a manner that will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when the person in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential

information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

2.  Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

3.  Information or documents designated as confidential under this Stipulation must not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph four (4) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals) and/or any action in any Federal or State Court to enforce and/or to collect upon any constructive trust and/or equitable lien imposed by the Court in this action (including appeals).

4.  The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Stipulation to any other person or entity, except that disclosures may be made in the following circumstances:

    a.  Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Stipulation requiring that the documents and information be held in confidence.

2

b. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation.

c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree to be bound by the terms of this Stipulation.

d. Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Stipulation requiring that the documents and information be held in confidence.

5. Except as provided in paragraph four (4), counsel for the parties must keep all documents designated as confidential that are received under this Stipulation secure within their exclusive possession and must place such documents in a secure area.

6. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Stipulation, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

7. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to

3

reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this Stipulation may also be made on the envelope.

8. Any party filing information claimed to be confidential under paragraph seven (7) must include with that filing either: (1) a motion to seal the material pursuant to General L. R. 79(d); or (2) an objection to the designation of the information as confidential. If such an objection is made, the person having designated the information as confidential may file a motion to seal under General L. R. 79(d) within 21 days of the objection.

9. A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The party prevailing on any such motion is entitled to recover as motion costs its actual attorney fees and costs attributable to the motion.

10. At the conclusion of the litigation, all materials not received in evidence and treated as confidential under this Stipulation must be returned to the originating party and must be destroyed unless it is material that the Court has used to impose a constructive trust and/or equitable lien on an asset or account.

**PROVISO**

The parties have submitted the terms above in the form of a "Confidentiality Stipulation" in which the parties are seeking to protect information from unnecessary public release. An agreement such as the one the parties have entered into serves the important purpose of expediting discovery without requiring the court to pass on every document arguably responsive to a discovery

request that a party desires to withhold from public scrutiny. The terms of the Confidentiality Order adopting their agreement will therefore be entered, but with the following proviso.

The parties should understand that there are no guarantees that documents they designate "confidential", once made a part of the record before the Court, will remain confidential and be maintained under seal. The long-standing tradition in this country is that litigation is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the case-how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."); *see also Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006)("What happens in the federal courts is presumptively open to public scrutiny."). The records and decisions of the courts should be within the public's view to allow the public access to the reasoning upon which judicial decisions rest. *See Leavell* at 567.

For this reason, the parties should be aware that the Court is not bound by the designation of material as confidential by the parties under the Protective or Confidentiality Order and, to the extent necessary to reveal the Court's reasoning process, material bearing such a designation that is made a part of the record may be disclosed absent a showing of good cause. Under certain circumstances, third parties can also challenge the parties' designation of information made a part of the record as confidential. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36-37 (1984).

5

Subject to this proviso, the Confidentiality Order submitted by the parties is hereby adopted by the Court.

     **SO ORDERED** this   13th   day of December, 2011.

BY THE COURT

s/ William C. Griesbach  
WILLIAM C. GRIESBACH  
United States District Judge
