UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Winsert, Inc, et.al.,

        Plaintiff,

-vs-                            Case No: 11-cv-00251

Kathleen F. Hasenfus,

        Defendant.

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' MOTION, PURSUANT TO FRCP 65(B), FOR A TEMPORARY RESTRAINING ORDER REGARDING INTEREST ACCRUING ON DEFENDANT'S REVERSE MORTGAGE**

Defendant, Kathleen A. Hasenfus, by her attorneys, hereby submits the following objections to Plaintiffs' motion, pursuant to FRCP 65(b), for a Temporary Restraining Order requiring Defendant to pay into the Court the amount of $416.08 per month, to be held in trust for the Plaintiffs in the event Plaintiffs prevail in the above-captioned action:

1.    Plaintiffs motion is related to Defendant's residence upon which Defendant entered into a reverse mortgage in July 2010 whereby Defendant is only required to pay the annual real estate taxes, maintain homeowners insurance and maintain the home[1].

2.    Defendant recently provided Plaintiffs' attorneys with her Financial Statement which indicates that Defendant's sole source of income is Social Security in the monthly amount of $1,627.90 from which proceeds Defendant must pay her monthly expenses that total an estimated amount of $1,604.25 so that Defendant has only about $23.65 net proceeds from which to pay any additional monthly expenses[2].

---

[1] See Price Fourth Declaration Exhibit 1.
[2] See attached Exhbiti A-Kathleen F. Hasenfus Financial Statement

1

3. Also as noted in Defendant's Financial Statement, she has relatively few assets from which to pay Defendant's current debts and monthly living expenses, such that Defendant may need to go further into debt if the Court grants Plaintiffs' motion for a Temporary Restraining Order requiring Defendant to pay $416.08 per month into a trust account. Defendant may need to file bankruptcy to obtain protection under the bankruptcy law, which would likely be irreparably harm Defendant, if she needs to file for bankruptcy before the Court has ruled on the merits in this action including the Court's ruling on Defendant's anticipated of filing a motion for summary judgment on the issue of the applicable statute of limitations in this action.

4. Defendant disputes that Plaintiffs have a strong likelihood of success on the merits of Plaintiffs' claim(s) in this action particularly on the issue of the applicable statute of limitations in this action. The general federal common law rule is that an ERISA claim accrues when the plaintiff knows or should have known of conduct that interferes with the plaintiff's ERISA rights. *Young v. Verizon's Bell Atlantic Cash Balance Plan,* 615 F.3d 808, 817, *citing Berger v. AXA Network LLC,* 459 F.3d 804, 815-16.

Defendant contends that the all the material facts and documents known and possessed by both parties in this action show that Plaintiffs had knowledge of Defendant's lawsuit in which she obtained a settlement in 2004; and by the Plan's third party administrator who initially communicated with Defendant's attorney in her lawsuit; and that a subsequent third party administrator apparently failed to communicated with Defendant's attorneys in her lawsuit in which she obtained a settlement in 2004[3].

---

[3] See attached Exhibit B, two letters and documents dated January 16, 2002 from Claim Managerment Services, Inc. to Cypress Benefits Administrators and Attorney Thomas P. Schwaba respectively, and April 22, 2002 letter from Whyte Hirschboeck Dudek, S.C. to Winsert, Inc.

5. The allegations in Plaintiffs' Complaint filed in this action at paragraph 28 states that Defendant engaged in "concealment" of her lawsuit and the settlement of her lawsuit from which she obtained settlement proceeds. Plaintiffs also have contended that Defendant engaged in "ongoing fraud against the Plan"[4]. Plaintiffs' Rule 26 Initial Disclosures and responses to specific discovery responses have not provided any facts or documents that would support any finding that Defendant engaged in "fraudulent concealment" of her receipt of the settlement proceeds from her lawsuit despite Plaintiffs' allegations in this regard.

6. The settlement of Defendant's lawsuit provided Defendant with settlement proceeds that were paid to Defendant in 2004[5] and more than six years prior to Plaintiffs' discovery of Defendant's settlement and the commencement of this action.

7. Moreover, Defendant was terminated by Plaintiff, Winsert, Inc. on September 3, 2008 and offered a severance agreement which did not reference Defendant's prior lawsuit and/or obligation to reimburse the Plan from Defendant's receipt of any settlement proceeds from her lawsuit[6], despite Plaintiffs prior knowledge about Defendant's lawsuit in which she obtained a settlement. (See Exhibit B)

8. Plaintiffs by their employees and/or agents failed to exercise any due diligence to learn about Defendant's settlement from which Plaintiff's may have asserted a right to reimbursement for Defendant's two surgeries although Defendant contends that at most Plaintiff's might be entitled to reimbursement for only one of her two surgeries.

9. Thus, Defendant believes that she has the strong likelihood of prevailing on a

---

[4] See Document 20, Brief in Support of Plaintiffs' Motion for an *Ex Parte* Temporary Restraining Order Pursuant to FRCP 65(b) at page 3.
[5] See attached Exhibit C check stub dated 7/21/2004 to Defendant from her attorneys with amount redacted and July 20, 2004 e-mail to Defendant from her attorney noting "SETTLEMENT DISBURSEMENTS" with amounts redacted.
[6] See attached Exhibit D-General Release and Settlement Agreement signed 9/3/08 by Winsert, Inc.

3

motion for summary judgment on the issue of the applicable statute of limitations under the applicable facts and law. Plaintiffs' argument regarding "discovery" of Defendant's settlement implies that Plaintiffs would have a viable cause of action against Defendant whenever Plaintiffs' "discovered" Defendant's settlement at any time in the future.

Plaintiffs' argument regarding "discovery" would mean that any statute of limitations applicable to Plaintiffs' claim(s) against Defendant in this action would never begin to run until Plaintiffs' "discovered" Defendant's settlement, even if Plaintiffs' "discovery" occurred at any indefinite point of time in the future. Defendant does not believe that the law allows for a statute of limitations to be extended for an indefinite period of time, unless the Plaintiff can provide proof of Defendant's "fraudulent concealment" which Plaintiffs cannot do in this action. Instead, there must be a time certain when any plaintiff must make all reasonable efforts to not sit on their known rights to the detriment of an unsuspecting defendant who does nothing other than remain silent about any potential or actual violation of the plaintiff's rights.

Therefore, Defendant respectively requests that the Court deny Plaintiffs' motion to require Defendant to pay any monthly amount in trust in this action.

Dated this 20th day of April, 2012.

                                                s/ Richard F. Rice
                                                Richard F. Rice
                                                SB# 1010541
                                                Fox & Fox, S.C.
                                                Attorney for Defendant
                                                124 West Broadway
                                                Monona, WI 53716
                                                Telephone: (608) 258-9588
                                                Fax: (608) 258-9105
                                                E-mail: rrice@foxquick.com